UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HENRY HEGEL and BRAD WEBER,
for themselves and others similarly situated,

        Plaintiffs,

  v.                                          Case No. 09-C-882

BRUNSWICK CORPORATION,

        Defendant.

**ORDER DENYING MOTION FOR RECONSIDERATION**

On July 20, 2010, the Court denied Plaintiffs' motion for certification of a class consisting of the eligible participants in Defendant's Cost Reduction Incentive Plan. In so ruling, the Court concluded that the Management Rights Clause of the Plan, absent evidence that the Plan was orally modified, likely prevented the formation of an enforceable contract and the disposition of the other claims asserted by Plaintiffs, both of which were equitable in nature, would turn on facts unique to each member of the class. In short, the Court found that individual issues would predominate over those common to the class. The issue is again before the Court on the Plaintiffs' motion for reconsideration. For the reasons that follow, the motion will be denied.

A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1976), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party.

It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan,* 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Such motions are disfavored and should be "rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990).

In support of their request for reconsideration, Plaintiffs argue that this Court erred by distinguishing *Schlosser v. Allis-Chalmers Corp.,* 86 Wis.2d 226 (1978), from the facts at hand. They further argue that even if the CRIP was an illusory promise, their performance morphed such illusory promise into an enforceable unilateral contract. Put another way: regardless of whether the Management Rights Clause rendered CRIP an illusory promise at the time the plan was announced, by the time Brunswick cancelled CRIP the Plaintiffs had performed.

The Court remains convinced for the reasons stated in its original decision that *Schlosser* is distinguishable and not controlling here. Plaintiffs' effort to characterize the Plan as a unilateral contract made binding by their performance is similarly unpersuasive. Their argument ignores the fundamental distinction between an illusory promise and a unilateral contract offer. "A putative contract that is illusory is no contract at all, that is, such a contract is void." *Metropolitan Ventures, LLC v. GEA Associates, 2006 WI 71,* ¶ 717 N.W.2d 58, 73 (Wis. 2006) (Abrahamson, J., concurring). Illusory contracts are not contracts because the illusory language "makes performance optional with the promisor no matter what may happen, or no matter what course of conduct in other respects the promisor may pursue[;] it does not justify the promisee in understanding that a commitment has been made." Richard A. Lord, *Williston on Contracts* § 1.2, at 11 (4th ed.1990)). If, as the Court's initial assessment suggests, the Management Rights Clause rendered the CRIP

2

illusory at its inception, Plaintiffs' alleged performance could not change the result. Their remedy, if any, must lie in the equitable claims Plaintiffs have pled in the alternative.

Plaintiffs cite a number of cases to support their contention that an illusory promise can change into a unilateral contract if one party performs. But none of the cases Plaintiffs cite involve an *unlimited* right to cancel at any time, which "can render a contract illusory." *Devine v. Notter,* 753 N.W.2d 557, 560 (Wis. Ct. App. 2008). Here the Management Rights Clause reserved Brunswick's unlimited right to cancel the CRIP at any time, a decision subject only to Brunswick's own will and discretion. The Management Rights Clause appears to make Brunswick's performance entirely optional.

Plaintiffs also contend that this Court did not address their claim for good faith and fair dealing which, they maintain, is appropriate for class certification. Because Plaintiffs failed to raise this issue in their opening brief in support of class certification—they addressed it for the first time in their reply brief—it is not properly raised on a motion for reconsideration. Brunswick, which had already filed a brief in opposition to the motion for class certification, did not have an opportunity to respond to Plaintiffs' good faith and fair dealing argument other than in a footnote mentioning that Plaintiffs had not raised the issue in their opening brief. (Dkt. 43 at 14, n. 7.)

Even if they had raised it earlier, however, the result would be the same. These duties only arise where there is a contract. *See Metro. a, LLC v. GEA Assocs.,* 2006 WI 71, ¶ 21, n.9, 291 Wis.2d 393, 717 N.W.2d 58. Because this Court indicated that the contract was likely illusory it follows that there would be no implied duty of good faith and fair dealing. Thus, even if this Court had considered the good faith and fair dealing argument, Plaintiffs would likely not have prevailed on their motion for class certification.

3

Plaintiffs suggest that the Court should rely on the implied duty of good faith and fair dealing to create a binding contract. (Dkt. 78 at 8.) The implied duty of good faith and fair dealing is only appropriately used—where there is a contract in the first place—to supply missing terms. *See Kham & Nate's Shoes No. 2, Inc. v. First Bank of Whiting,* 608 F.2d 1351, 1357 (7th Cir. 1990) ("When the contract is silent, principals of good faith . . . fill the gap."). Here, Plaintiffs point to no missing term in the contract, but rather ask this Court to create an entire contract. This is too broad a read of the implied duty of good faith and fair dealing. The duty of good faith and fair dealing can be used to *supply* missing clauses from a contract but cannot be used to *remove* a clause from the contract. Thus, the implied duty of good faith and fair dealing will not remove the Management Rights Clause from the contract, even if such contract is valid.

In sum, the Court remains convinced that individual issues are likely to predominate the resolution of the claims asserted by the Plaintiffs. Accordingly, the motion for reconsideration is denied.

**SO ORDERED** this 15th day of October, 2010.

                                                                               s/William C. Griesbach
                                                                               William C. Griesbach
                                                                               United States District Judge